**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Winston, et al., | No. CV 04-342-PHX-SMM |
| Plaintiffs, | **ORDER** |
| vs. | |
| American Family Mutual Insurance Company, | |
| Defendant. | |

On October 2, 2006, this Court issued an Order Re: Final Pretrial Conference, requiring counsel for all parties to jointly prepare and file a Proposed Pretrial Order no later than October 27, 2006,[1] in preparation for a Final Pretrial Conference scheduled for November 28, 2006 (the "Orders Re: FPTO"). (Dkts. 87-88.)

On November 6, 2006, counsel for Plaintiffs unilaterally submitted a "Joint Proposed Final Pretrial Order" (the "Proposed Order"). (Dkt. 96.) It appears that counsel for all parties participated in preparing certain parts of the Proposed Order. However, due to disagreements between counsel, counsel for Defendant refused to indicate her approval as to the form and content of the Proposed Order. See dkt. 96 at signature page.

---

[1] At the request of Defendant, this date was later extended to November 6, 2006. (Dkt. 94.) The order granting the parties an extension of the deadline specifically provided that no further extensions of time would be granted. (Id.)

1  The Court has reviewed the Proposed Order, and finds that, in several material
2  respects, it fails to comply with and completely disregards the instructions clearly set forth
3  in the Court's Orders Re: FPTO.  <u>See</u> dkts. 97-98.  With respect to both the purposes to be
4  served, and the instructions necessary to attain such purposes, the Court's Orders Re: FPTO
5  are abundantly clear.  <u>See id.</u>  In violation of the Court's Orders Re: FPTO, however, the
6  Proposed Order fails to narrow the issues for trial and fails to provide guidance to the Court
7  regarding the trial in this case.

8  The Proposed Order violates the Court's Orders Re: FPTO in the following specific
9  respects:

10  (1) Counsel for all parties have failed to file a proposed set of <u>stipulated</u> jury
11  instructions accompanied by citations to legal authority.  <u>See</u> dkt. 97 at 2, lines 22-27.

12  (2) The "Contentions of Plaintiff" fail to list the elements that must be proved in
13  support of Plaintiffs' remaining claim.  In addition, counsel for all parties have failed to
14  provide citations to relevant legal authority in support of each party's claim or defense.  <u>See</u>
15  dkt. 98, attachment at 2, lines 12-21.

16  (3) Counsel for all parties have failed to set forth the issues of fact, stated separately
17  and in specific terms, to be tried and decided.  <u>See</u> dkt. 98, attachment at 3, lines 1-10.

18  (4) Counsel for all parties have failed to set forth any stipulations regarding exhibits.
19  <u>See</u> dkt. 98, attachment at 4, lines 14-17.  **The Court strongly encourages and**
20  **recommends that counsel for all parties attempt to reach stipulations regarding**
21  **exhibits**.

22  (5) Counsel for Defendant has failed to explain the basis for her objections to
23  Plaintiffs' exhibits.  <u>See</u> dkt. 98, attachment at 4, line 18- page 5, line 2 and page 5, lines 9-13
24  ("it is <u>not sufficient</u> for an objecting party to simply state perfunctory grounds for an
25  objection . . . .  Each party must explain the basis for each perfunctory objection.").  **To the**
26  **extent <u>any party</u> provides objections in the Proposed Pretrial Order required to be filed**

27
28
- 2 -

1 **by December 15, 2006 (see infra at 4:25-5:3), each party must explain the basis for such**
2 **objections.**

3     (6) Counsel for Plaintiffs has failed to properly identify the portions of depositions to
4 be used at trial.  **The portion of each deposition to be used at trial "shall be identified by**
5 **page and line number."**  See dkt. 98, attachment at 5, lines 3-13.  The Court finds counsel's
6 references to "the entire transcript of" to be submitted in bad faith because, with respect to
7 five of the nine deposition transcripts, counsel has indicated that such deponents will also
8 appear as witnesses at trial.  See Proposed Order at Part G(1)-(8) and Part I (A)(1)-(9).
9 Moreover, counsel for Plaintiffs has indicated that the trial will require four court days.  It
10 is logistically doubtful, not to mention legally impossible, that eleven witnesses could be
11 examined and nine deposition transcripts could be read, five of which pertain to witnesses
12 who were previously examined, in four court days.  **As a result, in the Proposed Pretrial**
13 **Order required to be filed by December 15, 2006 (see infra at 4:25-5:3), any deposition**
14 **transcript cited by counsel for Plaintiffs shall set forth the reasons for the deponent's**
15 **unavailability, as required by Fed.R.Evid. 804(b)(1), in addition to citing page and line**
16 **numbers of deposition testimony to be provided at trial.**

17     (7) Counsel for all parties have failed to comply with the Court's certification
18 requirements, set forth at dkt. 98, attachment at 6, lines 12-21.

19     (8) Counsel for Plaintiffs filed the Proposed Pretrial Order without obtaining the
20 consent of counsel for Defendant, in violation of this Court's Orders Re: FPTO.  See dkt. 97
21 at 1, lines 18-20.

22     (9) Counsel for Plaintiffs has failed to properly file Proposed Verdict Forms.  See dkt.
23 97.

24     As a result of these violations of the Court's Orders Re: FPTO, the Proposed Pretrial
25 Order lodged on November 6, 2006 shall be **stricken** from the Court's docket, and the Final
26 Pretrial Conference set for November 28, 2006 shall be **vacated**.

27
28

1   The Court has rescheduled the Final Pretrial Conference for **January 17, 2007** at 3:00
2   p.m. The attorneys who will be responsible for the trial of this lawsuit shall prepare and sign
3   a Proposed Pretrial Order, in the form specified in both this Order and its attachment, no later
4   than **5:00 p.m. on December 15, 2006**, with the following exceptions: (1) Counsel need not
5   re-file a proposed set of voir dire questions, as the form submitted on November 6, 2006 is
6   sufficient. See dkt. 95. (2) Counsel for Defendant need not re-file the Motion in Limine
7   filed on October 27, 2006, or the Proposed Forms of Verdict filed on October 30, 2006. See
8   dkts. 91-92.

9   If counsels' second attempt at filing a Proposed Pretrial Order fails, the Court will
10  issue an order to show cause why counsel for all parties shall not be sanctioned and/or an
11  order to show cause why this case should not be dismissed, for failure to comply with Court
12  Orders pursuant to Fed.R.Civ.P. 16(f).

13  Accordingly,

14  **IT IS HEREBY ORDERED** that the Proposed Pretrial Order lodged with the Court
15  on November 6, 2006, shall be **STRICKEN** from the Court's docket. See dkt. 96.

16  **IT IS FURTHER ORDERED VACATING** the Final Pretrial Conference scheduled
17  for November 28, 2006 at 4:00 p.m.

18  **IT IS FURTHER ORDERED** that if counsel fails to properly file a Proposed Pretrial
19  Order as specified in this Order and its attachment, the Court shall issue an order to show
20  cause why counsel for all parties shall not be sanctioned and/or an order to show cause why
21  this case should not be dismissed, for failure to comply with Court Orders pursuant to
22  Fed.R.Civ.P. 16(f).

23  **IT IS FURTHER ORDERED** that a Final Pretrial Conference has been set in this
24  case for January 17, 2007 at 3:00 p.m.

25  **IT IS FURTHER ORDERED** that, if this case shall be tried to a jury, the attorneys
26  who will be responsible for the trial of the lawsuit shall prepare and sign a Proposed Pretrial
27  Order and submit it to the Court no later than **5:00 p.m.** on **December 15, 2006**. In addition

28

1  to filing a written copy of the Proposed Pretrial Order with the Court, the parties shall also
2  submit a copy of the Final Pretrial Order on an IBM-compatible computer disk in
3  WordPerfect® 7.0 format.  (360K, 720K, 1.24K, and 1.44K diskettes are all acceptable).

4  **IT IS FURTHER ORDERED** that the content of the Proposed Pretrial Order shall
5  include, but not be limited to, that prescribed in the Form of Pretrial Order attached hereto.
6  Statements made shall not be in the form of a question, but should be a concise narrative
7  statement of each party's contention as to each uncontested and contested issue.

8  **IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 37(c) that
9  the Court will not allow the parties to offer any exhibits, witnesses, or other information that
10 were not previously disclosed in accordance with the provisions of this Order and/or the
11 Federal Rules of Civil Procedure and/or not listed in the Proposed Pretrial Order, except for
12 good cause.

13 **IT IS FURTHER ORDERED** directing the parties to exchange drafts of the
14 Proposed Pretrial Order **no later than fourteen (14) days before the submission deadline**.

15 **IT IS FURTHER ORDERED** that the parties shall file and serve all motions in
16 limine no later than **December 15, 2006**.  Each motion in limine shall include the legal basis
17 supporting it.  Responses to motions in limine are due **December 22, 2006**.  No replies will
18 be permitted.  The attorneys for all parties shall come to the Final Pretrial Conference
19 prepared to address the merits of all such motions.

20 **IT IS FURTHER ORDERED** directing the parties to complete the following tasks
21 by the time of the filing of the Proposed Pretrial Order if they intend to try the case before
22 a jury:

23     (1)    The parties shall jointly file a description of the case to be read to the jury.
24     (2)    The parties shall file a proposed set of stipulated jury instructions.  The
25     instructions shall be accompanied by citations to legal authority.  If a party believes
26     that a proposed instruction is a correct statement of the law, but the facts will not
27     warrant the giving of the instructions, the party shall so state.  The party who believes

28

that the facts will not warrant the particular instruction shall provide an alternative instruction with appropriate citations to legal authority.

(3) Counsel for Plaintiffs shall submit a form of verdict to be given to the jury at the end of the trial.

**IT IS FURTHER ORDERED** directing the parties to submit their proposed joint statement of the case and stipulated jury instructions on IBM-PC compatible computer disk in WordPerfect® 7.0 format in addition to the written materials filed with the Clerk of the Court. (360K, 720K, 1.24K, and 1.44K diskettes are all acceptable).

**IT IS FURTHER ORDERED** that if the case will be tried to the Court, rather than to a jury, <u>instead of</u> filing a Proposed Pretrial Order, each party shall submit proposed findings of fact and conclusions of law by the same date the Proposed Pretrial Order is due. These proposed findings of fact and conclusions of law shall be submitted in both written copy and on an IBM-compatible computer disk in WordPerfect® 7.0 format. (360K, 720K, 1.24K, and 1.44K diskettes are all acceptable).

**IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

**IT IS FURTHER ORDERED** that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 1 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that **NO EXTENSIONS OF TIME SHALL BE PERMITTED**.

DATED this 13th day of November, 2006.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| _____, <br>         Plaintiff, <br> vs. <br> _____, <br>         Defendant. | No.   -PHX-SMM <br><br> **PROPOSED PRETRIAL FORM OF ORDER** |

Pursuant to the Scheduling Order, the following is the joint Proposed Final Pretrial Order to be considered at the Final Pretrial Conference set for _____, _____ .

    A.    **COUNSEL FOR THE PARTIES**

          (Include mailing address, office phone and fax numbers).

          Plaintiff(s):

          Defendant(s):

    B.    **STATEMENT OF JURISDICTION**.

          Cite the statute(s) which gives this Court jurisdiction.

          (e.g., Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. §1332.)

        Jurisdiction (is/is not) disputed.

        (If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

  C. **NATURE OF ACTION**.

        Provide a concise statement of the type of case, the cause of the action, and the relief sought.

        (e.g., - This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

  D. **CONTENTIONS OF THE PARTIES**.

        With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense. Citation to relevant legal authority is required.

        (e.g., In order to prevail on this products liability case, the plaintiff must prove the following elements . . . .

        In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . . .)

  E. **STIPULATIONS AND UNCONTESTED FACTS**

    1. The following facts are admitted by the parties and require no proof:

    2. The following facts, although not admitted, will not be contested at trial by evidence to the contrary:

- 2 -

F. **CONTESTED ISSUES OF FACT AND LAW**

1. The following are the issues of fact to be tried and decided: (Each issue of fact must be stated separately and in specific terms. Each parties' contention as to each issue must be set forth with respect to each and every issue of fact). E.g.,

    Issue # 1: Whether Plaintiff used due care.

    Plaintiff Contends: Plaintiff looked both ways before stepping into the street . . . .

    Defendant Contends: Plaintiff was chasing a ball and darted out into the street without looking . . . .

2. The following are the issues of law to be tried and determined: (Each issue of law must be stated separately and in specific terms. Each parties' contention as to each issue must be set forth with respect to each and every issue of law). E.g.,

    Issue # 1: Whether Plaintiff's suit is barred by the doctrine of laches.

    Plaintiff Contends: . . .

    Defendant Contends: . . .

G. **LIST OF WITNESSES**.

A jointly prepared list of witnesses and their respective addresses, identifying each as either plaintiff's or defendant's, and indicating whether a fact or expert witness, must accompany this proposed order. If a witness' address is unknown, it should be so stated. A brief statement as to the testimony of each witness must also be included. Additionally, the parties shall designate which witnesses (1) shall be called at trial, (2) may be called at trial, and (3) are unlikely to be called at trial.

Additionally, the parties shall include the following text in this portion of the Proposed Pretrial Order:

- 3 -

1    The parties understand that the Court has put them on notice that they are
2    responsible for ensuring that the witnesses they want to put on the stand to
3    testify are subpoenaed to testify, regardless of whether the intended witness is
4    listed as a witness for the plaintiff(s) or the defendant(s). Simply because a
5    party lists a witness does not mean that the witness will be called. Therefore,
6    a party should not rely on the listing of a witness by the opposing party as an
7    indication that the witness will be called.  To the extent possible, the parties
8    shall stipulate to the witnesses who will be called to testify.

H.   **LIST OF EXHIBITS**.

   1. The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

       a. Plaintiff's Exhibits:

       b. Defendant's Exhibits:

   2. As to the following exhibits, the parties have reached the following stipulations:

       a. Plaintiff's Exhibits:

       b. Defendant's Exhibits:

   3. As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated beneath:

       a. Plaintiff's Exhibits:

       (E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . . (the objection must specify why there is a lack of foundation)).

       b. Defendant's Exhibits:

       (E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff

- 4 -

objections on ground of relevance and materiality because (the objection must specify why there is relevancy or materiality problem)).

I. **DEPOSITIONS TO BE OFFERED**.

The parties shall list the depositions to be used at trial. The portions to be read at trial shall be identified by page and line number. Counsel should note objections to deposition testimony by writing the objection in the margins of that portion of the text of the deposition to which the objection is made. Moreover, these objections shall be explained in this portion of the Proposed Pretrial Order. As is the Court's practice at trial, it is <u>not sufficient</u> for an objecting party to simply state perfunctory grounds for an objection (e.g., "hearsay" or "lack of foundation") contained in the Proposed Pretrial Order. Each party must explain the basis for each perfunctory objection (e.g., <u>why</u> it is hearsay, <u>why</u> it lacks foundation, <u>why</u> it is irrelevant).

J. **MOTIONS IN LIMINE**. Motions in limine shall be served, filed, and responded to in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

K. **LIST OF ANY PENDING MOTIONS**

L. **PROBABLE LENGTH OF TRIAL**

M. **JURY DEMAND** - A jury trial (has) (has not) been requested. If a jury trial was requested, (indicate the appropriate selection):

1. the parties stipulate the request was timely and properly made;

2. the (Plaintiff or Defendant) contends the request was untimely made because: (explain why request was untimely); or

3. the (Plaintiff or Defendant contends that although the request for trial by jury was timely, the request is improper as a matter of law because: (indicate the legal basis why a jury trial would be improper).

- 5 -

<u>For a Bench Trial</u>

N-1. **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be filed and served by each party in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

<u>For a Jury Trial</u>

N-2. **STIPULATED JURY INSTRUCTIONS, PROPOSED VOIR DIRE QUESTIONS, AND PROPOSED FORMS OF VERDICT** shall be filed in accordance with the instructions contained in the Order Setting Final Pretrial Conference.

O. **CERTIFICATIONS**. The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1. All discovery has been completed.

2. The identity of each witness has been disclosed to opposing counsel.

3. Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

4. The parties have complied in all respects with the mandates of the Court's Rule 16 Order and Order Setting Final Pretrial Conference.

5. [Unless otherwise previously ordered to the contrary], the parties have made all of the disclosures required by the Federal Rules of Civil Procedure.

APPROVED AS TO FORM AND CONTENT:

_____        _____
Attorney for Plaintiff                                Attorney for Defendant

- 6 -

Based on the foregoing,

**IT IS ORDERED** that this Proposed Pretrial Order jointly submitted by the parties is hereby **APPROVED** and is thereby **ADOPTED** as the official Pretrial Order of this Court.

DATED this _____ day of _____, _____.

Stephen M. McNamee
Chief United States District Judge

- 7 -